UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States Fire Insurance
Company et al.

    v.                                    Civil No. 18-cv-1205-LM
                                              Opinion No. 2019 DNH 183

Equitas Insurance Limited et al.

O R D E R

Plaintiffs United States Fire Insurance Company ("U.S. Fire") and The North River Insurance Company ("North River") bring suit against several insurance companies,[1] seeking damages for breach of contract and a declaratory judgment arising out of defendants' refusal to pay plaintiffs amounts they claim are due under certain insurance contracts. Defendants move to dismiss or stay the case (doc. no. 33), and plaintiffs object. Plaintiffs move to strike portions of defendants' memorandum in support of their motion to dismiss (doc. no. 50), and defendants object.

---

[1] Defendants are Tenecom Limited ("Tenecom"); Winterthur Swiss Insurance Company ("Winterthur"); Sompo Holdings, Inc. ("Sompo"); Berkshire Hathaway Specialty Insurance Company ("Berkshire"); Allianz Suisse Versicherungs-Gesellschaft; Delta-Lloyd Non-Life Insurance Company Ltd.; Banco de Seguros del Estado ("Banco"); and Equitas Insurance Limited ("Equitas"). Plaintiffs also named as a defendant American Home Assurance Company, but plaintiffs have since dismissed that defendant from the case.

**BACKGROUND**

I.  Factual Background[2]

From 1972 to 1985, U.S. Fire and North River, both New Jersey companies, issued twelve umbrella and excess umbrella liability policies to Mine Safety Appliances Company ("MSA"), a Pennsylvania corporation that manufactured and sold products such as respiratory protection equipment and asbestos-containing personal protective products.[3]  The policies had combined limits of approximately $244 million (the "MSA Policies").

During that same timeframe, plaintiffs entered into reinsurance contracts that covered the twelve MSA Policies (the "Reinsurance Contracts").  In their complaint, plaintiffs allege that they entered into at least one Reinsurance Contract with each defendant, other than Equitas.  They allege, however, that Equitas assumed obligations of its predecessors-in-interest under the Reinsurance Contracts "pursuant to a transaction approved by the English High Court of Justice on or about June 30, 2009."  Doc. no. 5 at ¶ 8.  Each of the Reinsurance Contracts was entered into in the United Kingdom.  Plaintiffs

---

[2] The facts in this section are taken from plaintiffs' amended complaint (doc. no. 5) unless otherwise noted.

[3] Defendants state that plaintiffs issued fifteen total policies to MSA.  The discrepancy is not relevant to the court's analysis.

2

allege that RiverStone Claims Management LLC ("RiverStone"), a New Hampshire-based company that is not a party to this litigation, managed the claims under the Reinsurance Contracts.

Beginning in the 1990s, MSA sought insurance coverage from plaintiffs under the MSA Policies for hundreds of bodily injury claims based on exposure to asbestos, coal, and silica dust. MSA's attempts to have plaintiffs provide coverage under the MSA Policies resulted in many litigations, none of which was in New Hampshire.

In October 2016, MSA obtained a jury verdict in Pennsylvania state court against plaintiffs for breach of three of the MSA Policies and violation of Pennsylvania's bad faith statute. Plaintiffs paid a substantial portion of the claims tendered by MSA in 2017, and then fully resolved its disputes with MSA in mid-2018 in a confidential settlement.

Beginning in March 2017 and continuing through 2018, plaintiffs, through RiverStone, billed defendants for amounts they claimed were due under the Reinsurance Contracts on account of the MSA settlement payments. Certain defendants, as well as other reinsurers not named as defendants in this case, paid some of the reinsurance billings subject to a full reservation of rights, including the right to recoup any payments. Eventually, certain defendants refused to pay additional billings. On December 21, 2018, plaintiffs brought this suit, alleging breach

3

of several of the Reinsurance Contracts and seeking a declaratory judgment arising out of defendants' refusal to pay the additional billings.

II. The New Jersey Action

Also on December 21, 2018, less than an hour before plaintiffs initiated the instant lawsuit, certain underwriters at Lloyd's of London ("Underwriters"), along with Tenecom, Winterthur, Sompo, and Berkshire (collectively, the "New Jersey Plaintiffs") sued North River and U.S. Fire in the Complex Business Litigation Program of the New Jersey Superior Court (the "New Jersey Action").[4]  The complaint in the New Jersey Action alleges claims for breach of contract and breach of the implied covenant of good faith and fair dealing.  Specifically, the New Jersey Plaintiffs, who have made payments to North River and U.S. Fire pursuant to the Reinsurance Contracts under a reservation of rights, seek reimbursement of those amounts.  In addition, like plaintiffs in this action, the New Jersey Plaintiffs seek a declaratory judgment regarding the parties' "respective rights and liabilities" and "rights, duties, and obligations" under the Reinsurance Contracts.

---

[4] Defendants state that the Complex Business Litigation Program of the New Jersey Superior Court "is designed to resolve complex business and commercial cases 'in an expedited manner.'" Doc. no. 34 at 6 (quoting N.J. Court Rules, R. 4:102-5).

4

Unlike in this case, the Underwriters are parties in the New Jersey Action. In addition, Equitas, a defendant in this case, is not a party in the New Jersey Action.

**DISCUSSION**

Defendants move to dismiss or stay this case. They advance several arguments, including: (1) the court should exercise its discretion to dismiss or stay this case pursuant to the prior-pending action doctrine or the related first-filed doctrine in light of the New Jersey Action; (2) abstention is warranted under the Colorado River doctrine[5] in light of the New Jersey Action; and (3) the court should dismiss the case because the Underwriters are indispensable parties under Federal Rule of Civil Procedure 19 but cannot be joined for several reasons, including that they would destroy diversity jurisdiction.

Plaintiffs object to defendants' motion. In addition, plaintiffs move to strike portions of defendants' memorandum in support of the motion to dismiss or stay. Plaintiffs contend that although defendants assert in their memorandum that the Underwriters would destroy the court's diversity jurisdiction if they were joined, defendants have submitted no factual support for that assertion. Therefore, plaintiffs move to strike any

---

[5] Colo. River Water Conserv. Dist. v. United States, 424 U.S. 800 (1976).

5

unsupported contentions as to the Underwriters' citizenship in defendants' memorandum. Defendants object.

I. Motion to Dismiss or Stay

While defendants' motion to dismiss or stay was pending, defendants filed a notice of an order issued in the New Jersey Action, pursuant to Local Rule 42.1. Doc. no. 56. That order, issued by the court in the New Jersey Action (the "New Jersey Order"), ruled on a number of motions filed by U.S. Fire and North River in that case. Among other things, the New Jersey Order: (1) denied U.S. Fire and North River's motion to dismiss or stay on comity grounds; (2) denied U.S. Fire and North River's motion to dismiss or stay for Forum non Conveniens; (3) denied U.S. Fire and North River's motion to join Equitas as a party; (4) denied U.S. Fire and North River's motion to dismiss the breach of contract claims for failure to state a claim; and (5) ordered the New Jersey Plaintiffs to join Banco as an indispensable party.

   A.   Prior-Pending Action

Under the prior-pending-action doctrine, "'the pendency of a prior action, in a court of competent jurisdiction, between the same parties, predicated upon the same cause of action and growing out of the same transaction, and in which identical

6

relief is sought, constitutes good ground for abatement of the later suit.'" Quality One Wireless, LLC v. Goldie Grp., LLC, 37 F. Supp. 3d 536, 540 (D. Mass. 2014) (quoting O'Reilly v. Curtis Pub. Co., 31 F. Supp. 364, 364–65 (D. Mass. 1940)). "As a general rule, the suit filed first should have priority 'absent the showing of balance of convenience in favor of the second action.'" Quality One, 37 F. Supp. 3d at 540-41 (quoting Adam v. Jacobs, 950 F.2d 89, 93–94 (2d Cir. 1991)); see TPM Holdings, Inc. v. Intra-Gold Indus., Inc., 91 F.3d 1, 4 (1st Cir. 1996) ("Where the overlap between the two suits is nearly complete, the usual practice is for the court that first had jurisdiction to resolve the issues and the other court to defer."). "The doctrine arises out of concerns about judicial efficiency and avoiding inconsistent judgments" and "derives from a court's inherent power to control its docket." Quality One, 37 F. Supp. 3d at 541.

"Generally, a court may stay or dismiss a later-filed action under the doctrine if two conditions are met: (1) there exists an identity of issues between the two actions and (2) the controlling issues in the later-filed action will be determined in the earlier-filed action." Id. (quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1360 at 89 (3d ed. 2004)). In addition, to determine whether dismissal in

7

favor of a prior-pending action is appropriate, courts may consider a variety of factors, including:

> (1) considerations of comity; (2) promotion of judicial efficiency; (3) adequacy and extent of relief available in the alternative forum; (4) identity of parties and issues in both actions; (5) likelihood of prompt disposition in the alternative forum; (6) convenience of parties, counsel and witnesses; and (7) possibility of prejudice to a party as a result of the stay [or dismissal].

Qutab v. Kyani, Inc., 324 F. Supp. 3d 243, 247 (D. Mass. 2018) (quoting Quality One, 37 F Supp. 3d at 542).

Here, dismissal pursuant to the prior-pending action doctrine is appropriate. Although presented in a different posture, the New Jersey Action involves the same issues presented in this case: the various reinsurers' obligations to provide payments to plaintiffs under the Reinsurance Contracts. As the New Jersey Plaintiffs seek not only the return of payments they previously made to North River, but also a declaratory judgment as to the parties' respective rights and obligations under the Reinsurance Contracts, the controlling issues in this litigation will be determined in the New Jersey Action.

Consideration of the remaining factors further favors dismissal of the case in light of the New Jersey Action. As discussed supra, U.S. Fire and North River already moved to dismiss the New Jersey Action on a variety of grounds. The

court in the New Jersey Action denied the motions and made several rulings that directly impact the arguments raised by the parties in this case. For example, defendants in this case contend that the Underwriters, and not Equitas, have obligations under certain of the Reinsurance Contracts, and that plaintiffs have incorrectly named Equitas as a defendant in this case.[6] The court in the New Jersey Action addressed that very issue, holding that Equitas is not "a real party in interest whose rights will be affected" by a ruling regarding obligations under the Reinsurance Contracts. Doc. no. 56-1 at 17. The court further held that "it is difficult to believe that litigating in [U.S. Fire and North River's] home state" would be inconvenient for them, despite their arguments to the contrary. Therefore, principles of comity and the convenience of the parties and witnesses weigh in favor of dismissal of this case in favor of the New Jersey Action.

So, too, do the remainder of the factors. Judicial efficiency and the likelihood of prompt disposition in the alternative forum favors dismissal of this case in favor of the New Jersey Action. The court in the New Jersey Action, which is designed to resolve complex business and commercial cases "in an

---

[6] Defendants contend that plaintiffs improperly sued Equitas, and not the Underwriters, in a deliberate attempt to maintain diversity jurisdiction. The court need not address that contention.

9

expedited manner," has already issued several substantive rulings that affect the rights of the parties, and the parties have already set certain discovery deadlines in that case. Further, U.S. Fire and North River will suffer no prejudice as a result of dismissal of this action, as they can pursue their claims in the New Jersey Action if they so choose.

Plaintiffs contend briefly that the prior-pending action doctrine applies only when two identical actions proceed concurrently in two federal courts. Although certain cases outside of the First Circuit have declined to apply the prior-pending action doctrine when a state court action is pending and instead analyze the abstention question under the Colorado River doctrine, at least one district court in the First Circuit has applied the prior-pending action doctrine to the situation at hand. See Quality One, 37 F. Supp. 3d at 542; cf. Mathews v. Advised Assets Grp., LLC, No. CV 19-11057-LTS, 2019 WL 4645503, at *1-2 (D. Mass. Sept. 24, 2019) (staying case under the prior-pending action doctrine in light of a pending arbitration proceeding involving substantially the same claims and parties). Regardless of which abstention doctrine applies, particularly in light of the New Jersey Order, which the court in the New Jersey Action issued after the parties' briefing in this case, deferral to the New Jersey Action is appropriate. See doc. no. 51-1 at 31-32 (noting that the factors to be considered under the first-

10

to-file, prior-pending action, and Colorado River doctrines are similar).

The New Jersey Action renders adjudication of this case duplicative and unnecessary. Because the New Jersey Action "will likely determine all (or nearly all) of the issues presented here," dismissal of this case is appropriate. Bradeen v. Bank of New York Mellon Tr. Co., Nat'l Ass'n, No. 18-CV-11753, 2018 WL 5792319, at *3 (D. Mass. Nov. 2, 2018).

### B. Remaining Arguments

Because the court dismisses this case based on the prior-pending action doctrine, the court need not reach defendants' remaining arguments raised in their motion.

## II. Motion to Strike

Plaintiffs move to strike portions of defendants' memorandum in support of their motion to dismiss or stay. Specifically, plaintiffs move to strike any reference to the argument that joining of the Underwriters as defendants in this case would destroy diversity jurisdiction because there is no factual support for that contention. Putting aside whether striking portions of defendants' memorandum would be the appropriate remedy if plaintiffs' arguments were meritorious, the court need not reach the substance of plaintiffs' motion.

Because the court dismisses this case under the prior-pending action doctrine, the court need not consider defendants' arguments concerning diversity jurisdiction. Therefore, plaintiffs' motion to strike is denied as moot.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss or stay this action (doc. no. 33) is granted, to the extent it seeks dismissal of the case. Plaintiffs' motion to strike (doc. no. 50) is denied as moot. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED

_____
Landya B. McCafferty
United States District Judge

October 24, 2019

cc: Counsel of Record